IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


VIRGIL J. BURNSIDES,                              09-CV-6160-BR

       Plaintiff,                                OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.


**ALAN STUART GRAF**
316 Second Road
Summertown, TN 38483
(931) 964-3123

       Attorney for Plaintiff

**DWIGHT C. HOLTON**

1 - OPINION AND ORDER

United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

      Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Virgil J. Burnsides seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on October 31, 2005,

2 - OPINION AND ORDER

alleging a disability onset date of December 31, 2002. Tr. 10, 76.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on March 4, 2008.  Tr. 10-20.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on May 30, 2008, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 7-20.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on April 3, 2009, when the Appeals Council denied Plaintiff's request for review.

### BACKGROUND

Plaintiff was born on December 6, 1967, and was 40 years old at the time of the hearing.  Tr. 25.  Plaintiff completed eleventh grade and obtained a GED.  Tr. 26.  Plaintiff has past relevant work experience as a mechanic helper, head rigger off-bearer, chain off-bearer, lumber straightener, roofing helper, and assembler/bundler.  Tr. 18.

Plaintiff alleges disability due to "back problems/hand injury/mental problems/shoulder injury."  Tr. 95.

---

[1] Citations to the official transcript of record filed by the Commissioner on December 1, 2009, are referred to as "Tr."

3 - OPINION AND ORDER

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 13-17.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v.*

4 - OPINION AND ORDER

*Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*, 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

**I.    The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*,

5 - OPINION AND ORDER

454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC.  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Soc. Sec. Ruling (SSR) 96-8p.  A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a

claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

7 - OPINION AND ORDER

**II.  Evaluation of Drug and Alcohol Abuse.**

A claimant is not considered disabled if drug addiction or alcoholism is a contributing factor material to the determination of disability.  42 U.S.C. § 1382c(a)(3)(J).  *See also Bustamante v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001).  Substance abuse is a material factor when the claimant's remaining limitations would not be disabling if the claimant stopped using drugs or alcohol.  20 C.F.R. § 404.1535(b).

If the claimant is found to be disabled and there is medical evidence of substance abuse, the ALJ must determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability."  20 C.F.R. § 404.1535(a).  To assess the materiality of drug or alcohol abuse,

> an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction.  If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits . . . .  If the ALJ finds that the claimant is disabled and there is medical evidence of his drug addiction or alcoholism[,] then the ALJ should proceed under § 404.1535 or 416.935 to determine if the claimant would still [be found] disabled if he stopped using alcohol or drugs.

*Bustamante*, 262 F.3d at 955 (internal quotation omitted).  In effect, the ALJ must make a second five-step sequential inquiry to "evaluate which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of

8 - OPINION AND ORDER

[the claimant's] remaining limitations would be disabling." 20 C.F.R. § 404.1535(b)(2). *See also Bustamante*, 262 F.3d at 955.

In such materiality determinations, the claimant bears the burden to prove that drug addiction or alcoholism is not a contributing factor material to the disability. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity from his alleged onset date of December 31, 2002, through his date last insured of December 31, 2007. Tr. 12.

At Step Two, the ALJ found Plaintiff has the severe impairments of acute lumbar strain, major depressive disorder, and an anxiety disorder. Tr. 12.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 12. The ALJ found Plaintiff has the RFC to lift and to carry 50 pounds occasionally and 25 pounds frequently; to sit, to stand, and to walk six hours in an eight-hour work day with a "sit and stand option every 60 minutes." Tr. 13. The ALJ found Plaintiff to be limited to "simple routine instructions and tasks" and found Plaintiff should not have any "close contact

9 - OPINION AND ORDER

with the general public or co-workers."  Tr. 13.

At Step Four, the ALJ found Plaintiff is not capable of performing his past relevant work.  Tr. 18.

At Step Five, the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy.  Tr. 18.  Accordingly, the ALJ found Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to include portions of the opinion of David Northway, Ph.D, examining psychologist, in determining Plaintiff's RFC; (2) failed to engage in proper drug and alcohol analysis; and (3) relied on the inaccurate testimony of the VE.

**I.   The ALJ erred when he failed to include portions of the opinion of Dr. Northway in determining Plaintiff's RFC.**

Plaintiff contends the ALJ erred when he failed to include some of the limitations set out in the opinion of Dr. Northway, examining psychologist, in determining Plaintiff's RFC.  Specifically, Plaintiff notes even though the ALJ fully credited the opinion of Dr. Northway that, among other things, Plaintiff had moderate limitations in his ability to respond appropriately to changes and work pressures in a routine work setting and to interact appropriately with supervisors, the ALJ failed to include any of those limitations in determining Plaintiff's RFC.

10 - OPINION AND ORDER

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

As noted, here the ALJ states in his decision that he fully credited Dr. Northway's opinion. Nevertheless, the ALJ did not articulate any reasons for failing to include in determining Plaintiff's RFC the limitations set out by Dr. Northway as to Plaintiff's ability to respond appropriately to changes and work pressures in a routine work setting and to interact appropriately with supervisors.

On this record, the Court finds the ALJ erred when he effectively rejected or failed to address those portions of Dr. Northway's opinion as to Plaintiff's ability to respond appropriately to changes and work pressures in a routine work setting and to interact appropriately with supervisors because the ALJ did not provide legally sufficient reasons supported by substantial evidence in the record for doing so.

11 - OPINION AND ORDER

## II. The ALJ engaged in a proper drug and alcohol analysis.

Plaintiff contends the ALJ erred when he failed to engage in a proper drug and alcohol analysis.

As noted, if the claimant is found to be disabled and there is medical evidence of substance abuse, the ALJ must determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability."  20 C.F.R. § 404.1535(a).  Here, however, the ALJ found Plaintiff was not disabled, and, therefore, the ALJ did not err when he did not determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability."  If, on remand however, the ALJ finds Plaintiff is disabled after consideration of Dr. Northway's opinion on remand, the Court notes the ALJ must then engage in the drug and alcohol analysis required by 20 C.F.R. § 404.1535(a).

## III. The ALJ erred when he relied on the VE's inaccurate testimony.

Plaintiff contends the ALJ erred when he found Plaintiff can perform jobs that exist in significant numbers in the national economy based on the VE testimony, which was not in accordance with the Dictionary of Occupational Titles (DOT).  Specifically, Plaintiff notes the ALJ found Plaintiff is limited to work that involves only "simple, routine instructions and tasks."  Based on the VE's testimony, the ALJ found Plaintiff could perform work as

12 - OPINION AND ORDER

a hand packager, small-products assembler, and electronics worker.  The DOT, however, describes each of these jobs as requiring Level Two reasoning; *i.e.*, the ability "to apply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions."  DOT 920.587-018, 726.687-010 (emphasis added).  According to Plaintiff, therefore, the ALJ erred when he relied on the VE's testimony that an individual with Plaintiff's limitations could perform these jobs.

For an ALJ to accept VE testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008)(citing *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)).  The ALJ, however, did not identify any evidence in the record to support his deviation from the DOT.

Accordingly, the Court concludes on this record that the ALJ erred when he relied on the VE's testimony that was not in accordance with the DOT.  *See James v. Astrue*, 07-CV-6350-HA, at 7-8 (D. Or. Nov. 17, 2008)("[T]he ALJ found that plaintiff only had the RFC to 'understand, remember and carry out simple instructions under normal supervision on a sustained basis, but not with detailed or complex instructions or tasks.' . . .  A job requiring Level Two reasoning exceeds plaintiff's functional capacity to deal with detailed tasks. . . .  [T]he record contains no justification for why plaintiff is capable of

13 - OPINION AND ORDER

performing these jobs despite his RFC.  Accordingly, the ALJ was not justified in relying on the VE's testimony in making his finding at step five.").

## REMAND

Having found the ALJ erred, the Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.  The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully

14 - OPINION AND ORDER

developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

Here the Court finds additional proceedings are necessary to allow the ALJ to consider fully the opinion of Dr. Northway as to Plaintiff's moderate limitations in responding appropriately to changes and work pressures in a routine work setting and interacting appropriately with supervisors; to engage, if necessary, in a drug and alcohol analysis; and to reevaluate whether Plaintiff has the ability to perform jobs that exist in significant numbers in the national economy.

Accordingly, the Court concludes on this record that remand for further proceedings is necessary.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 8th day of July, 2010.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER